# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | Daniel G. Martin |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6200 | **DATE** | 6/26/2013 |
| **CASE TITLE** | Cusic vs. Glass Mountain Capital LLC | | |

**DOCKET ENTRY TEXT**

For the reasons outlined below, Plaintiff's amended motion to compel [66] is granted in part and denied in part. The original motion [50] is denied as moot. Plaintiff's motion to file a reply brief [68] is also denied as moot.

■[ For further details see Statement below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff David Cusic ("Cusic" or "Plaintiff") brought this action against Glass Mountain Capital LLC ("Defendant" or "Glass Mountain"), claiming that Defendant violated Title VII, 28 U.S.C. § 2000e *et seq.*, by harassing and terminating him from his job as a debt collector based on his race (African-American) and his "perceived sexual orientation." Plaintiff also claims that Defendant unlawfully retaliated against him after he complained of discriminatory actions prohibited by Title VII. The case was assigned to United States District Judge Joan Lefkow, who referred it to this Court for discovery supervision.

On April 30, 2013, Plaintiff filed a motion to compel. The motion alleged that Defendant had failed to respond to Plaintiff's Third Set of Interrogatories and Third Requests for Production in any way. The Court ordered the parties to meet and confer in an effort to resolve their differences. Plaintiff and Defendant were also directed to file a joint status report on the results of the meeting. The parties did so, and Defendant responded to some of the discovery requests.

The Court subsequently allowed Cusic to amend his motion to reflect the remaining issues. The amended motion asks the Court to compel responses to Plaintiff's Third Requests for Production Nos. 2-4. It also includes three new items that were not part of the original motion: the Second Set of Interrogatories No. 2 and the Second Request for Production Nos. 2-3. The Court addresses of these issues in turn.

1. Second Request for Production No. 3

This Request seeks all "written warnings, notice of counseling, terminations, corrective action forms, memos, termination forms, and e-mails of any management employees at the Schaumburg, Illinois location for failing to comply with Defendant's anti-harassment/discrimination policies and Defendant's anti-workplace violence policy." Defendant responded to this request by stating, "None. Defendant's investigation continues." Defendant also stated in its introductory comments to the answers that its discovery investigation was not yet complete.

**STATEMENT**

Neither party specifically addresses this request or Glass Mountain's response to it. Instead, Request No. 3 is subsumed within the discussion of Request No. 2 and Interrogatory No. 2. But Defendant's response to Request No. 3 is far different from its answers to these other discovery issues. Glass Mountain refused to respond to Request No. 2 or Interrogatory No. 2 based on the ususal litany of objections such as breadth, privilege, and burdensomeness. By contrast, its response to Request No. 3 was clear and to the point – no documents exist. Defendant did not raise any objection to the Request. Glass Mountain did pose generalized objections in the preface to its responses, but it is well-established that such boilerplate objections are unavailing. *See Buonauro v. City of Berwyn*, 2011 WL 2110133, at *1-2 (N.D. Ill. May 25, 2011) (citing cases).

The Court cannot require a party to produce what it does not possess. That would ordinarily end the matter had Glass Mountain not stated that its investigation into this issue was ongoing. Defendant does not explain why it was not able to provide a complete answer within the 30 days allowed to respond to Cusic's requests. A party is required to undertake a thorough discovery investigation in the time allowed for a response, or to seek leave for additional time to do so. "Rolling" productions, which follow up on a cursory initial document review, are not appropriate. *See Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009). For this reason, Glass Mountain is directed to complete its inquiry into this matter within 30 days of the entry of this order and to provide Plaintiff with all documents, if any, that are responsive to Request No. 3.

2. <u>Second Interrogatory No. 2 and Second Request for Production No. 2</u>

Interrogatory No. 2 asks Glass Mountain to provide the name and race of every employee "who was disciplined in any manner or terminated for punching in late or tardy and the name, race and position of the management employee disciplining or otherwise terminating that employee." The Request for Production seeks "discipline, write-ups, warnings, written warnings of any kind for all employees at the Schaumburg, Illinois location from December 1, 2011, through March 1, 2012." Defendant objected to these requests on the ground that they are unduly burdensome, harassing, and oppressive. According to Glass Mountain, it will be required to inspect the files of 70 employees to produce the requested records.

This is insufficient to sustain Defendant's objections. Reviewing 70 files may impose a burden, but that is not the standard that applies. A request must be *unduly* burdensome before a Court will intervene. An objecting party "must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome." *Rawat v. Navistar Int'l Corp.*, 2011 WL 3876957, at *8 (N.D. Ill. Sept. 1, 2011). *See also Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384, 387 (N.D. Ill. 1990) ("[T]he objecting party must specify the nature of the burden and provide specific explanations as to why the interrogatory cannot be answered."). No specific showing has been made in this case. Defendant has not indicated how large the files are, why it would be difficult to gather the disciplinary records, what expense would be incurred by responding to Plaintiff's request, or why Defendant's resources are so limited that reviewing only 70 files would be "oppressive."

That said, Glass Mountain's objection may be moot to some degree at this stage. The parties appear to have agreed between themselves that Defendant can respond to these two discovery requests by producing termination and "corrective action" forms. However, the parties disagree sharply on the procedure for that production. Defendant wants to rely on Rule 33(d) instead of providing a

narrative response to Cusic's interrogatory. Rule 33(d) allows a party to answer an interrogatory by making the relevant documents available to the other side. Cusic is amenable to this procedure, but he asks that his counsel be present when the documents are made available. Defendant argues that Plaintiff's counsel should be barred from the production because he has a history of "unprofessional and disrespectful" behavior to deponents. This includes claims that counsel has laughed at witnesses, rolled his eyes at them, and thrown pens.

Defendant's objections fail to show why Cusic's counsel should be barred from attending a Rule 33(d) document review. No evidence supports Glass Mountain's claim of unprofessional conduct. At a minimum, Defendant is required to proffer more than conclusory allegations of misconduct before the Court can find that an attorney has engaged in behavior that could well violate the Seventh Circuit's Standards for Professional Conduct. Moreover, Rule 33(d) specifically provides that the party seeking production must be given "a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d)(2). Plaintiff's counsel must be allowed to attend and to review the documents in question if Glass Mountain wishes to invoke the procedures of Rule 33(d).

Defendant, of course, need not rely on Rule 33(d) at all. It could provide a narrative response to Interrogatory No. 2 and simply produce the requested documents for Request No. 2. In that case, Plaintiff's counsel is not entitled to be present when Glass Mountain undertakes a document review. The Court notes that Rule 34 gives a requesting party the option to inspect and copy documents from the opposing party, but Plaintiff did not make such a request in this case. *See* Fed. R. Civ. P. 34(a)(1).

Unfortunately, the parties add an additional complication to what should be a routine discovery matter. Defendant claims that, because it allegedly lacks the resources to review 70 files, it wants Plaintiff to pay for a "copy service" to do this work for it. Setting aside the question of how Defendant proposes to fulfill its discovery duty if it fails to examine its own files, Plaintiff is not responsible for funding a third party document review. Many courts have found that the producing party is responsible for the costs of reviewing documents, while the requesting party pays for the copies of the documents that are produced. *See*, *e.g.*, *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 298, 297 (W.D.N.Y. 1996); *Gregg v. Local 305 IBEW*, 2009 WL 1325103, at *9 (N.D. Ind. May 13, 2009); *Tierno v. Rite Aid Corp.*, 2008 WL 3876131, at *1 (N.D. Cal. Aug. 19, 2008); *see also* 7 *Moore's Federal Practice*, § 34.13[5] at 34-92 (2008). Plaintiff shall pay for copies of all documents Defendant produces, but Plaintiff is not responsible for any other costs related to the discovery of those documents.

Finally, Cusic asks that Glass Mountain be required to verify Interrogatory No. 2 and all other interrogatories. A party's interrogatory answers must be verified by the signature of the answering party and its attorney. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010). When, as here, a corporation is involved, a corporate officer must sign. Fed. R. Civ. P. 33(b)(1)(B). Defendant's current response to the Second Set of Interrogatories was not signed by a corporate officer. Defendant shall resubmit all of its interrogatory responses with the appropriate signatures.

3. <u>Third Request for Production No. 2</u>

This request asks Defendant to turn over documents showing the "actual amount collected by each and every debt collector employed by the Defendant between December 1, 2011, through March 1, 2012." Cusic claims this request is relevant because Glass Mountain justified his termination on the

ground that he was not collecting enough money during the requested period.

Defendant posed many objections to this request in its formal discovery answer. In its brief, however, it relies on the fact that the documents in question contain the names of up to 25,000 debtors. Defendant claims that it might be required by the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, or the Gramm-Leach-Bliley Act, 12 U.S.C. § 78, to notify these debtors if it turned over unredacted documents to Cusic. Plaintiff counters that the confidentiality order already in place is sufficient to protect Defendant.

The Court does not address whether Defendant would be required to provide notice, as neither party has briefed the merits of that issue. The more important point is that Defendant is willing to produce the documents in question, provided that it can redact the debtors' names. These names are not relevant to Plaintiff's Title VII claim. He only seeks the amount each employee collected during a three-month period. Defendant can satisfy this request by producing a redacted version of the documents.

4. <u>Third Request for Production Nos. 3-4</u>

These requests ask for Defendant's operating agreement and documents that identify its members and their ownership share. The Court sees no reason why these requests are relevant to Plaintiff's claims. The allegations in this case are made against Glass Mountain Capital, LLC, not its owners or officers. Plaintiff does not claim that he needs to identify any of Defendant's officers. Instead, he states that he should be allowed to inspect these documents to see if they contain any relevant information. That fails to show how these documents are "reasonably calculated" to lead to anything that would show why an officer or employee of Defendant acted with a discriminatory animus forbidden by Title VII.

For all these reasons, Plaintiff's amended motion to compel [66] is granted in part and denied in part. The original motion [50] is denied as moot. Plaintiff's motion to file a reply brief [68] is also denied as moot.